## GONZALES *vs.* HUNTLEY & FORSYTH.

On an appeal from a judgment of a court of First Instance, where the record contained none of the proceedings of the court below, except the pleadings and judgment, and these were sufficient, no portion of the evidence being returned; *held*, that this court would presume, nothing appearing in any way to the contrary, that the proceedings were regular, and that sufficient evidence was adduced at the trial to warrant the judgment.

THIS was an appeal from the court of First Instance of the district of San Joaquin. The pleadings and judgment returned were regular and sufficient on their face, and neither the evidence taken on the trial, nor any part of the other proceedings had in the cause, was returned, and the case was presented to the court simply on the pleadings and judgment. The judgment was in favor of the plaintiff, and the defendants appealed.

*P. A. Morse*, for defendants, *ex parte.*

*By the Court*, HASTINGS, Ch. J. The proceedings before the court of First Instance appear to have been substantially regular, and if there was error in the court below, it does

not appear of record. It must be presumed that the court had sufficient evidence to authorize the judgment which it rendered, otherwise few judgments of courts of inferior jurisdiction could be sustained. It is true, as argued by counsel for appellants, that the statute of 28th of February 1850, authorizes this court to remand the cause for a new trial or for a more perfect record, but no court ought to award a new trial unless for good cause shown, and we do not think that a cause should be remanded for new trial in the court below, for the reason alone that "*no tangible point is presented for determination,*" in the language of the statute.

If the return be incorrect, the appellants can have writs of certiorari and mandamus, and the record can thus be perfected.

The statute of 28th of February was intended to facilitate appeals to this court, and in its effect repeals all former laws in force in this country regulating appeals. It is strictly a *remedial* statute, enlarging the right of appeal, and in its effect removing all obstacles to the prosecution of appeals from the courts therein mentioned. If its provisions were retro-active in their effect, impairing vested rights, they would be repugnant to the principles of the common and civil law, and void. There appearing nothing of record exhibiting error in the proceedings of the court below, the judgment is affirmed.